THOMAS DUGAN v. JOHN W. GAUMAN'S ADMR.

Vendor and Purchaser—Rescission of Contract—Failure to Have Sale Confirmed.

Gauman purchased property at a judicial sale, subject to confirmation, and sold the land to Dugan, who sold to King for $250 profit. Gauman's sale was not confirmed, but a resale ordered. Gauman died, and Dugan bought at the second sale for $2,600. In a suit to recover his loss from Gauman's estate, held, that as he had not made actual payment on the first purchase, he could not recover damages.

APPEAL FROM GREENUP CIRCUIT COURT.

September 23, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

John W. Gauman, being the accepted bidder at a decretal sale of 33½ acres of land, which remained to be confirmed, and the price to be paid, sold and undertook to convey it to the appellant, Thomas Dugan, for $2,000, no part of which was paid, though the appellant took possession of the land under his purchase, and subsequently sold the land to B. F. King for $2250, which King paid him.

Gauman, in the meantime, died, and his purchase not having been confirmed, was set aside, and a sale ordered, at which Dugan, in order to obtain the title for King, became the purchaser of the land for $2600, of which, under an agreement between him and King, the latter paid $100 and Dugan $2500.

This suit was brought by Dugan to recover of Gauman's estate the amount of the difference between the price which Dugan agreed to pay Gauman and that at which he subsequently purchased. The law and facts being submitted to the court, the petition was dismissed, and Dugan has appealed from that judgment.

The principle is well settled that where there is an inabilty to convey, without fraud, or where there has been an eviction of a vendee the value of the land *to be ascertained by the price paid* is the measure of damages. If the appellant had paid to Gauman the price he agreed to pay him, he would on the failure

of Gauman to acquire and convey the title, have been entitled to recover back the amount of the purchase price paid, but having paid nothing, the court below rightly adjudged that he was entitled to no recovery, although in consequence of what seems to have been intended as a speculation, he appears by the subsequent transaction to have lost $250, instead of making that sum.

Wherefore, the judgment is *affirmed*.

*Dulen, for appellant.*

*Ireland, for appellee.*

